Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 16, 1974, which affirmed the decision of a referee modifying an initial determination of the Industrial Commissioner, and held claimant ineligible from receiving benefits, effective April 27, 1974, because he lost his employment through misconduct in connection therewith. On April 17, 1974, claimant and others in his division were advised that they would be laid-off as of May 17, 1974. They were to use the 30 days to complete matters then pending and to look for new positions, either at Westinghouse, the employer, or elsewhere. On or about April 22, 1974, the claimant received a check for $663 which, though produced to some extent through the efforts of claimant, a salaried employee, should have been turned over to the employer, according to company rule and policy. This failure to deliver the check, when discovered by the employer on April 26, 1974, resulted in claimant’s immediate termination. Claimant’s contention that he did not turn the check over to his employer because his status was that of a "laid off” employee was not accepted by the board who found that claimant was, at the time, still working and in an employed status and that claimant’s action was harmful to the employer and rose to the level of misconduct. Such a determination was one of fact and solely within the province of the board. Since the finding was supported by substantial evidence, there is no reason to disturb the decision and we should affirm (e.g., Matter of Lester [Catherwood], 30 AD2d 1025). Decision affirmed, without costs. Sweeney, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.